# COMMONWEALTH OF VIRGINIA



COLONIAL HEIGHTS CIRCUIT COURT
Civil Division
550 BOULEVARD
COLONIAL HEIGHTS VA 23834
(804) 520-9364

Summons

To: DUNLOP HOUSE LLC
3333 PETERS CREEK ROAD
ROANOKE VA 24019

Case No. 570CL19000238-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, June 12, 2019

Clerk of Court: STACY L. STAFFORD

by _____Nancy W Woods_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

EXHIBIT A

May 15, 2019

<u>Plaintiff</u>: Ms. Donella G. Crist
26388 Mason Road
Jarrett, Virginia 23867
Phone: (434)535-8758

District Court Of Colonial Height, Virginia

| | |
|---|---|
| Defendant: Employer )<br>The Dunlop House LLC )<br>3333 Peters Creek Road )<br>Roanoke VA 24019 )<br>    )<br>RE: Donella G. Crist, )<br>    Plaintiff, )<br>    V. )<br>The Dunlop House LLC, )<br>    Defendant, ) | Case NO.: CL19-238<br><br>COMPLAINT |

## COMPLAINT

The Plaintiff Donella G. Crist alleges as follows:

### NATURE OF THE ACTION

1. This action is brought by Donella G. Crist (hereinafter "Plaintiff"), against Dunlop House Assistance Living Facility (hereinafter collectively "Defendants") to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. The Americans with Disabilities Act of 1990, The ACT at 25, with Reasonable Accommodations.

3. Plaintiff was wrongfully terminated and retaliated against my Defendants.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

RCPT : 18009004826
DATE : 05/31/2019  TIME : 08:04
CASE : 570CL19000238-00
ACCT : CRIST, DONELLA G
AMT. : $0.00

5. Venue is proper in this district (b) because: (1) All Defendants reside in the Commonwealth of Virginia; and (2) the events and omissions alleged in this Complaint occurred in the District of Virginia, in Colonial Heights, Virginia.

## PARTIES

6. Plaintiff is Donella G. Crist.

7. Defendants are Dunlop House Assistance Living Facility which is located in the County of Colonial Heights, Virginia.

8. Defendants are employers within the meaning of 42 U.S.C. § 12111(5), and covered entities within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## FACTUAL ALLEGATIONS

9. Plaintiff has worked for Dunlop Assistance Living Facility since 2016, and has worked with residents as a Medication Aid since 2017.

10. Plaintiff's personnel record reflects nearly two years of strong performance as a Medication Aid. Her work ethic and her performance of duty was always honored by her Directors of Nursing and Head Administer Mrs. Susan Lawson.

11. Plaintiff is an individual with a disability under the ADA because she has Cervical Lumbar Degenerative disease, along with a Titanium Plate and eight screw in her neck stabilization the structure of her vertebrate's in her cervical lumbar and her body structure, which substantially limits bodily functions, including Plaintiff has a Bipolar Disordered. 42 U.S.C. § 12102(1) (A); 29 C.F.R. § 1630.2(g), (h), (I) (1) (ii).

12. Plaintiff was diagnosed with Degenerative Cervical Disease (cervical infusion- two though seven), since that time has manage to function normally and with regular checkup from her physician to ensure stabilization of her Titanium Plate and Eight Screws, with the assistant of her Chief Neurologist Dr. Harold Young. Although she make quarterly visit with her psychologist for therapy and treatment she has control her Bipolar disorder with the assistant of her physician Dr. Nichols Elimili.

13. As a Medication Aid, Plaintiff duties included the daily care of residents, feeding, bathing, recreation, passing medication, ordering medication, maintain safety of each resident, preventing resident from escaping off of the control ward. This ward was a fully functional unit, which house Alzheimer's disease residents, for eight hour shift and most of the time, worked this ward alone, because of the shortage of staff.

14. There are typically at times there are another nurse or medication aid to provide coverage, so I may at time can take a break from my assigned ward, (Rose Court).

15. For years as a medication Aid, Plaintiff followed a basic routine to manage her muscular digestive disease and her bipolar disorder at work. During her break, she would take walks around the facility to maintain her health and take her medications as prescribed by her physician.

16. On the morning of February 8, 2018, Plantiniff notice there was numbness of feeling in her left hand and fingures, she immediate notify her physician. He later that same day informed her from a MRI scanning view that she had another very large cervical spur blogging and pressing against vertebrates four and five. His recommendations to Plaintiff was he could not perform another surgery. Dr. Young advised Plaintiff that he could not do another surgery on her again, because this would be her third surgery and this time he was afraid that the complication from surgery would leave her bed ridden. His medical advice was that Plaintiff would have to live with this condition for the rest of her life. But he place Plaintiff on a medical restriction along with her primary physician stating Plaintiff could not life over twenty pounds a permanent restriction. He also, stated that he would not want Plaintiff to work if her employer, could not render reasonable accommodation, because of Plaintiff disability.

17. While at the Neurologist Office Plaintiff, called her employment and informed them of her current medical condition and restrictions. Plaintiff was given reasonable accommodation in her work place setting. Mrs. Susan Lawson; Head Administrator of Dunlop, Mrs. Mary Goyer and Mrs. Jennifer Bushel; Directors of Nursing, all created the reasonable accommodations request, and place Plaintiff fully on Rose Court only. The Director of Nursing accommodated Plaintiff request and if she was called in early to work as she did very frequently, she only worked as a Medication Aid or assist resident that was fully function with assistant.

18. In the latter part of September 2018, new management took over, all of the pervious Directors of Nursing and Administrator was other terminated or resigned. Dunlop Assistant Living Facility nursing department had all New Directors of Nursing and New Acting Administer. The changing of administration took place while Plaintiff was on her schedule days off from duty. When she returned back to work on October 2, 2018, Plaintiff position had changed, Plaintiff name was no were on the schedule and her daily assigned post was assigned to someone else. On October 1, 2018 Plaintiff spoke with the New Director of Nursing, Mrs. Tracy Gwinn about her disability and reasonable accommodations. Mrs. Gwinn assured Plaintiff her reasonable accommodation was still in place and render to Plaintiff. The pervious supervisor Mrs. Mary Goyer informed Plaintiff before she resigned that there was a meeting with all staff management department, and the new management department that was taking over, Mrs. Susan Lawson had given Plaintiff reason accommodation because of her disability.

19. When Plaintiff returned back to work the she had to endure a hostile work environment that day, she was threaten, they tried their best to place her in a hazardous working environment. She was assigned to a new ward, because of her work restrictions prevented her from working in the department, Plaintiff was retaliated against, and she was forced

into resigning, later to be terminated. Plaintiff position and unit (Rose Court) was assigned to another staff member, her name was nowhere on the assigned units anywhere. There are four Alzheimer's units and Plaintiff name was not assigned to any. Plaintiff spoke with the new acting administer, Mrs. Jackie Holton from the Roanoke, Virginia, LLC; later to find out she was the Regional Human Resource Management. Mrs. Holton replied with no code of ethics, nor moral standards as Plaintiff attempted to explain, to her about her disability and reasonable accommodations that was in place. Plaintiff, also informed Mrs. Linda Lucas, the local human resource manager about incident that had occurred with the nursing supervisor on duty.

20. Plaintiff also, request to work the unit that she normal was assigned to every day. Plaintiff also requested permission to work in other positions that was available to work, that would not create a hazardous environment to her health and was told no the supervisor Mrs. Daniel Green and Mrs. Jackie Holton. In spite of the accommodation render by Plaintiff previous supervisor, this new management terminated her and took her positon without prior notice or any advance warning of any administration changes that went against the reasonable accommodation that was already accepted and in place. The plaintiff feels that the new management intentionally already had this planed, that why her name was no were on the schedule on any post or ward. Plaintiff feel that she returned back to work and walked into a hazardous-discriminating and hostile environment on her job, violating her rights under The American with Disability Act, rights. Plaintiff had no prior written disciplinary action offense nor any type of written volition infractions against her. Plaintiff work ethic and employment record was excellent. The plaintiff feels this was done intentional and pervious planed by the new administrations.

## CLAIM FOR RELIEF

### (Title I of the Americans with Disabilities Act)

21. The Plaintiff re-alleges and incorporates by reference the foregoing paragraphs 1 through 18.

22. By their conduct above, Defendants have violated Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630, which mandate that covered employers, such as Defendants, not discriminate against qualified individuals on the basis of disability in employment practices. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

23. An employer discriminates against an otherwise qualified individual on the basis of disability when it does not make "reasonable accommodations to the known physical or mental limitations" of the individual, unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business...." 42 U.S.C. § 12112(b) (5) (A); 29 C.F.R. § 1630.9(a).

24. The Defendants knew Plaintiff had a disability since at least beginning part of 2018. The (new administration) Defendants were informed of this fact in August 2018, when the new and old management went into an informed meeting relating to the taken the position of new ownership.

25. Through the old management the Plaintiff requested reasonable accommodations and was granted, but Defendants never meaningfully considered or offered Plaintiff any form of reasonable accommodation to perform the positon of Medication Aid.

26. During all relevant times, Plaintiff was qualified for the Medication Aid position with Defendants because Plaintiff could perform the essential functions of her job duties. 42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

27. As a result of Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer damages.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

a. Grant judgment in favor of the Plaintiff and declare that Defendants have violated Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, and its accompanying regulation, 29 C.F.R. Part 1630;

b. Require Defendants to revise policies, practices, and procedures so as to bring their employment practices, including their reasonable accommodation practices, into compliance with Title I of the ADA and its accompanying regulation;

c. Order Defendants to train staff regarding the ADA's reasonable accommodation requirements;

d. To the extent Defendant has not already done so, order sufficient remedial relief to make whole the Plaintiff including retroactive seniority, payment of back pay with interest, pension and related benefits; and other appropriate nondiscriminatory measures to overcome the effects of the discrimination;

e. Award Plaintiff compensatory damages for the pain and suffering, she experienced as a result of Defendants' failure to comply with the requirements of Title I of the ADA pursuant to 42 U.S.C. § 1981a; and for intentionally discriminating against the Plaintiff in the amount of $40,000. Along with all courts fees and court costs.

f. Award punitive damages, for the negligence or unlawful conduct of Defendant in the amount of $50,000.

g. Order such other appropriate relief as the interests of justice require.

Dated this 15th day of May, 2019

*[signature]*

Ms. Donella G. Crist

[ Return to Case ]   [ Main Menu ]   [ Logoff ]

## Colonial Heights Circuit - Civil Division
### Service Details

**Case Number:** CL19000238-00

| Name | Number | Type | Hear Date | Date Served | How Served |
|---|---|---|---|---|---|
| DUNLOP HOUSE LLC | 1 | Complaint | | 06/19/19 | Business |

[ Return to Case ]   [ Main Menu ]   [ Logoff ]

Build #: 3.8.1.1